FILED, ENTERED, AND NOTED
IN CIVIL DOCKET

1-23-06

PATRICK E. DUFFY   CLERK

By _____
Deputy

**UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
BILLINGS DIVISION**

| | | |
|---|---|---|
| HAROLD STANTON and, | ) | |
| CUSTER BATTLEFIELD PRESERVATION | ) | |
| COMMITTEE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | |
| | ) | CV 05-126-BLG-RFC |
| CROW TRIBAL COURT and JANICE M. | ) | |
| SMITH, | ) | |
| | ) | |
| Defendants. | ) | JUDGMENT |

---

_____   Jury Verdict

✓   Decision by Court.  ORDER by U.S. District Judge Richard F. Cebull (copy attached) dated 1/23/2006, granting Plaintiffs' Motion for Summary Judgment.


**JUDGMENT IS HEREBY ENTERED** in favor of **PLAINTIFFS** and against **DEFENDANTS**.


**Patrick E. Duffy**
**Clerk of Court**



**(By) Deputy Clerk**

**January 23, 2006**

**In Billings, Vol. #86**
**Page 3585**

FILED
BILLINGS, MT

2006 JAN 23  PM 12 51

PATRICK E. DUFFY, CLERK

BY _____ **Cheri Anderson**

DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | | |
|---|---|---|
| HAROLD STANTON and CUSTER BATTLEFIELD PRESERVATION COMMITTEE, | ) ) ) ) | CV-05-126-BLG-RFC |
| Plaintiffs, | ) ) | ORDER GRANTING SUMMARY JUDGMENT |
| vs. | ) ) | |
| CROW TRIBAL COURT and JANICE M. SMITH, | ) ) ) | |
| Defendants. | ) ) ) | |

### BACKGROUND

On July 22, 2005, Janice M. Smith filed a complaint in the Crow Tribal Court against

Harold Stanton and the Custer Battlefield Preservation Committee, Inc., seeking a ruling of

ownership by adverse possession or an easement by prescription over a certain parcel of land

titled in the name of the Committee.  On July 25, 2005, the Tribal Court issued an Order of

Protection, refraining defendants (plaintiffs herein) from certain actions for ten days.  The Tribal

Court subsequently issued a second Order of Protection which again restrained defendants for a

period of thirty (30) days.

On September 30, 2005, Mr. Stanton and the Committee filed a suit before this Court

1

seeking a declaratory judgment that the Crow Tribal Court lacked jurisdiction over Ms. Smith's complaint. On that same date, Plaintiffs filed a Motion for Temporary Restraining Order. The Court granted the requested temporary restraining order and set a hearing on Plaintiffs' request for a preliminary injunction. Following the hearing on the preliminary injunction, this Court issued a Preliminary Injunction staying all further action by the Tribal Court until this Court considered and ruled upon the propriety of Tribal Court jurisdiction in the Tribal Court case.

On November 14, 2005, Plaintiffs filed a Motion for Summary Judgment and supporting brief regarding the issue of Tribal Court jurisdiction. This Court issued an Order on December 9, 2005 advising Defendants that failure to respond to Plaintiffs' Motion for Summary Judgment may result in an adverse ruling against Defendants. The Court gave Defendants additional time, until January 3, 2006, to respond to Plaintiffs' Motion for Summary Judgment. As of this date, Defendants have not responded to Plaintiffs' motion.

On December 30, 2005, the Crow Tribal Court issued an Order finding that Plaintiff had failed to present sufficient facts to the allow the Tribal Court to assert jurisdiction under the test established by the Supreme Court in *Montana v. United States*, 450 U.S. 544 (1980).

## ANALYSIS

## I.     Defendants Have Failed to Respond to Plaintiffs' Motion for Summary Judgment.

Pursuant to Local Rule of Procedure 7.1(e) any party opposing a motion for summary judgment shall file a response brief not to exceed twenty (20) pages within twenty (20) days after service of a brief in support of a motion for summary judgment. Local Rule 7.1(i) states that "failure to file briefs within the prescribed time may subject any motion to summary ruling."

2

Further, "failure to file a brief by the adverse party shall be deemed an admission that the motion is well taken." L.R. 7.1(i). The Court gave Defendants additional time, until January 3, 2006, to respond to Plaintiffs' Motion for Summary Judgment. As of this date, Defendants have not responded to Plaintiffs' motion. Due to Defendants failure to respond, the Court deems this an admission that Plaintiffs' Motion for Summary Judgment is well taken.

## II.  Plaintiffs are Entitled to Summary Judgment

Summary judgment is appropriate if no material issues of fact are in dispute and a party is entitled to summary judgment as a matter of law. Rule 56(c), F.R.Civ.P. In this case, the legal issue to be considered is whether the Crow Tribal Court has power to determine issues concerning fee lands owned by individuals and organizations who are neither members of the Crow Tribe nor contractually or otherwise legally connected to the Tribe.

The unambiguous authority of the Supreme Court in *Montana v. United States*, 450 U.S. 544 (1980), hold that Tribal Courts lack jurisdiction to entertain issues concerning title to property within the Crow Reservation held in fee by non-Indians. There are two exceptions to the rule set out in *Montana* that tribes may not regulate nor tax the activities of non-Indians on fee lands within the reservations. The first exception arises when a non-member has entered into a consensual relationship, for example a contractual obligation, with a tribal entity. The second exception is implicated in cases where regulation of the non-Indian member on fee land is critical to the political integrity, economic security or health and welfare of the Tribe. *Montana v. United States*, 450 U.S. 544, 566 (1980). There is no evidence these exceptions apply in this case. The fee land at issue here is not involved in a contractual obligation with a tribal entity and

3

regulation of the non-Indian member on fee land is not critical to the political integrity, economic security or health and welfare of the Tribe.

The United States has previously held that in certain cases in Tribal Court it is necessary for a party challenging jurisdiction to exhaust remedies in Tribal forums before bringing the question to Federal Court. However, in *Strate v. A-1 Contractors*, 520 U.S. 438, n.14 (1997), the Court noted that it is not always necessary to exhaust Tribal remedies, stating that one instance in which the exhaustion rule does not apply is when clear facts and authority show that the Tribal Court lacks jurisdiction, as are the circumstances in this case.

Additionally, the Crow Tribal Court has now conceded in its Order of December 30, 2005, that Plaintiff failed to present sufficient facts to the allow the Tribal Court to assert jurisdiction under the test established by the Supreme Court in Montana.

Based upon the foregoing, Plaintiffs' Motions for Summary Judgment [*docs. #13 & 18*] are GRANTED and Judgment shall be entered in favor of Plaintiffs. Plaintiffs' requests for oral argument [*docs. #16 & 18*] are DENIED AS MOOT.

The Clerk is directed to notify the parties of the making of this Order.

DATED this 23rd day of January, 2006.

RICHARD F. CEBULL
U.S. DISTRICT COURT JUDGE

CERTIFICATE OF MAILING
DATE: 1/23/06
BY:
I hereby certify that a copy of
this Order was mailed to:
Laurence Martin
Michael Rapkoch
Janice M. Smith

4